IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY F. LEMBERGER,

                Petitioner,

v.                                               ORDER

CHRISTINE SUTER,                       23-cv-886-jdp

                Respondent.

---

Petitioner Gary F. Lemberger, proceeding without counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 following convictions for operating while intoxicated, operating while revoked, and ignition interlock tampering. *See* Dkt. 1; Dkt. 2; Dkt. 4. Columbia County Circuit Court Case No. 2021CF599. Because the petition doesn't conform with habeas pleading rules, the court will order Lemberger to file an amended petition.

Among other tasks, a habeas petitioner must: (1) file his petition on a standard form; (2) specify all the grounds for relief available to him; and (3) and state with particularity the facts supporting each ground. *See* Rule 2(c)–(d), Rules Governing § 2254 Cases ("Habeas Rules"); *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In the standard form, Lemberger asserts one ground for relief: "Can't receive an honest attorney through the public defender's office." Dkt. 1 at 4. Lemberger spreads the allegations supporting this ground across the standard form, an affidavit, and a supplement. Dkt. 1; Dkt. 2; Dkt. 4. But, in those submissions, Lemberger raises several distinct grounds for relief, including: trial counsel provided ineffective assistance; insufficiency of the evidence; the trial court improperly denied Lemberger's request for new counsel; the trial court improperly denied a motion to transfer venue; there was a conspiracy to frame Lemberger; and jury tampering.

Because these separate grounds for relief appear under one heading, Lemberger hasn't specified the grounds for relief available to him. Furthermore, the petition is a jumble of factual allegations and procedural history, and some of Lemberger's factual allegations are unclear. Lemberger's petition does not, as the Habeas Rules require, state with particularity the facts supporting each ground. Put differently, the petition doesn't adequately indicate which facts support which ground.

Therefore, the court will order Lemberger to file an amended petition on the court's habeas form. The amended petition must:

- Separately specify all the grounds for relief available to Lemberger;
- State the facts supporting each ground;
- State the relief requested;
- Be printed, typewritten, or legibly handwritten; and
- Be signed under penalty of perjury.

If Lemberger needs additional space to allege facts supporting his claims, he may submit a maximum of five supplemental pages. If Lemberger files a factual supplement, he must indicate which ground for relief the supplemental facts support. If the factual supplement alleges different facts to support separate claims, Lemberger must indicate which claim each set of facts supports. Furthermore, any text or handwriting in the amended petition or factual supplement must be large enough and have enough spacing for the court to read it easily.

ORDER

IT IS ORDERED that:

1. Petitioner has until September 9, 2024, to file an amended habeas petition in accordance with this order.

2. The clerk of court is directed to send petitioner copies of this order and the court's form for § 2254 cases.

Entered August 9, 2024.

                                                  BY THE COURT:

                                                  /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge